Houck, J.
This case is here on error from the common pleas court of Morrow county. The parties here stand in the reverse order from which they stood in the court below. The plaintiff below recovered a judgment against the defendant below in the sum of $425.85 for land rental.
The case was submitted to the trial judge on the pleadings and evidence, without the intervention of a jury.
Plaintiff in error seeks a reversal upon numerous grounds, as set forth in the petition in error, but in oral argument relies upon the following :
(a) The trial judge erred, on the 2d day of March, 1920,.in entering a nunc pro tunc order over *248 ruling a motion for a new trial as of the date of June 16, 1919.
(b) The trial judge erred in not setting aside the nunc pro tunc order and in overruling motion for a new trial.
(e) That the judgment of the common pleas court is not sustained by the evidence and is contrary to law.
We have read the record in this case with much care and have examined same with a view of ascer - taining whether or not any of the claimed errors of plaintiff in error are well taken.
An examination of the transcript of docket and journal entries in this case shows that on June 16, 1919, the trial judge made the following finding:
“It is therefore considered by the court that said plaintiff recover from said defendant the sum of $425.85, with interest from May 5th, 1919, and plaintiff’s costs herein taxed at $- — .”
The transcript also shows the following entries:
“June 17th, 1919, Motion for a new trial filed.”
“March 2, 1920, Nunc pro tunc entry, by trial judge overruling motion for a new trial as of the 16th of June, 1919.”
“March 2d, 1920, Bill'of exceptions filed.”
“March 17, 1920, Petition in error filed.”
Questions:
(1) Has this court jurisdiction in the premises?
(2) Are there any errors in the record that would warrant or justify a reviewing court to reverse the judgment of the common pleas court?
The first question must be determined by the force and effect of a nunc pro tunc order and the date from which it speaks. • ' '
*249 The order now before us was made on the 2d day of March, 1920, and as to the motion for a new trial, which is the basis, of this proceeding in error, the journal entry is:
“It appearing to the court that heretofore at the May Term, 1919, of the common pleas court of Morrow county, Ohio, to-wit: June 16th, 1919, a finding and. judgment in favor of the plaintiff (H.. H. Harlan, as executor of the estate of Prudence Loren,.deceased), was entered, and a motion for a new trial filed and overruled, but that the overruling of said motion for a new trial was, through inadvertence, not entered at said time, and the court now orders that. said, order overruling said motion be now entered by the clerk of this court upon the journal of this, court as of the said May term, 1919, to-wit: June 16,. 1919.” •
•The rule in Ohio seems to be that an entry of an order or judgment nunc fro time will not be made where it will- in any' way prejudice the intervening rights of innocent parties; and it relates back to the time when it was actually rendered so far as it affects, the rights of the original parties to the controversy or suit, but not so as to affect those not parties to the original suit.
The plaintiff in error was an original party, and therefore is bound by the finding and order of the trial court, as of the date of the overruling of the motion for a new trial, as of the 16th of June, 1919, as found by the court and as set forth in the journal entry.
The purpose of a judgment nunc fro tunc is not the rendering or entering of a new judgment; nor is it the ascertainment or fixing of new rights between the parties. Its only purpose, and, in fact, the ef *250 feet of same, is simply to place in proper form, on the journal or record of the court, the judgment that lias been previously rendered, which is done to make the records of the court speak the truth.
In fact and law a nunc pro. tunc entry is one made now of something which was (actually) previously done, to have effect as of the former date; and such entry and its legal effect, as between original parties, is retrospective. It has the same force, and, in law, is the same, as though it had been made of record at the time when the original judgment was entered.
We think the rule herein laid down is fully sustained by 1 Black on Judgments (2 ed.), Section 136; also by the reasoning of Judge Spear in the case of Coe v. Erb, 59 Ohio St., 259, 265.
We find no prejudicial error in the record with reference to the judgment of the common pleas court as to the nunc pro tunc order and all proceedings relating thereto.
■ In passing we will say as to the second question that the judgment of the trial court, on the merits, is fully sustained by the evidential facts and the law applicable to same. We reach this conclusion after carefully reading all of the evidence as contained in the bill of exceptions.
Further comment is unnecessary except to say we are of the unanimous opinion that the bill of exceptions was not filed, within the time required by the General Code of Ohio, and the same is hereby stricken from the files of this court and the petition in error dismissed.

Petition in error dismissed.

Shields and 'Patterson, JJ., concur.